# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT RADTKE,<br><br>Defendant. | Case No.  1:18-cr-00162-NONE-SKO<br><br>ORDER DENYING MOTION TO WITHDRAW AS COUNSEL<br><br>(ECF No. 24) |

**I.**

**INTRODUCTION**

On September 22, 2020, W. Scott Quinlan, appointed counsel for Defendant Scott Radtke, filed a motion requesting to withdraw as attorney of record for Defendant and requesting appointment of new counsel to represent Defendant in this matter.  (Mot. Withdraw Counsel ("Mot."), ECF No. 24.)  On September 23, 2020, the Court set the hearing on the motion to be heard before the undersigned, and on the same date, counsel Quinlan served a notice of the setting of such hearing upon Defendant.  (ECF Nos. 25, 26.)  On September 28, 2020, the Court issued an order requiring Defendant to appear by video at the October 14, 2020 hearing, ordered counsel to arrange for Defendant to appear, and counsel Quinlan thereafter served the order upon Defendant.  (ECF Nos. 27, 28.)  On October 14, 2020, the Court held a hearing on the motion to withdraw.  Counsel W. Scott Quinlan appeared on behalf of Defendant via videoconference, and Defendant personally appeared via videoconference.  Michael Tierney appeared on behalf of the Government via videoconference.  (Id.)

## II.

## DISCUSSION

Counsel Quinlan brought the motion to withdraw pursuant to Local Rule 182(d) and California Rule of Professional Conduct Rule 1.16(b)(4).

Withdrawal of counsel is governed by the Rules of Professional Conduct of the State Bar of California, and the Local Rules of Practice for the United States District Court, Eastern District of California. See L.R. 182; L.S. ex rel. R.S. v. Panama Buena Vista Union Sch. Dist., No. 1:12-CV-00744 LJO, 2012 WL 3236743, at *1 (E.D. Cal. Aug. 6, 2012). The California Rules of Professional Conduct provide that if the rules of a court require permission for an attorney to withdraw, the attorney may not withdraw from employment in a proceeding without the permission of such court. Cal. R. Prof. Conduct 1.16(c). In addition, counsel must take reasonable steps to avoid prejudicing the rights of the client, including providing notice, allowing time for the client to employ other counsel, and complying with applicable laws and rules. Cal. R. Prof. Conduct 1.16(d). Grounds for permissive withdrawal include "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively." Cal. R. Prof. Conduct 1.16(b)(4).

The Local Rules provide that an attorney who has appeared on behalf of a client may not withdraw, leaving the client *in propria persona*, without leave of court upon noticed motion, along with notice to the client and all other parties who have appeared. L.R. 182(d). The attorney is also required to "provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw." Id.

It is within the Court's discretion whether to grant withdrawal. L.S. ex rel. R.S., 2012 WL 3236743, at *2 (citing Canandaigua Wine Co., Inc. v. Moldauer, No. 1:02-CV-06599, 2009 U.S. Dist. LEXIS 4238, at *2 (E.D. Cal. Jan. 13, 2009)). "Factors the Court may consider include: (1) the reasons for withdrawal, (2) prejudice that may be caused to other litigants, (3) harm caused to the administration of justice, and (4) delay to the resolution of the case caused by withdrawal." Id. (citing Canandaigua, 2009 U.S. Dist. LEXIS 4238, at *4). Additionally, "[l]eave to withdraw may be granted subject to such appropriate conditions as the Court deems

fit." L.R. 182(d).

Counsel Quinlan proffers that Defendant's conduct has rendered it unreasonably difficult to carry out representation effectively, a permissible reason to withdraw under California Professional Conduct Rule 1.16(b)(4). (Mot. 2.) Since January of 2020, counsel has been trying to obtain particular information that has not been provided by Defendant. Counsel proffers that while Defendant is polite and courteous, there is a breakdown in the relationship that has affected the defense. Counsel requests the Court permit him to withdraw as appointed counsel, and requests appointment of different counsel that may have more success in obtaining Defendant's cooperation.

The Court conducted a closed session to discuss the matter with Defendant and counsel. Given the specific facts discussed in the closed session, and for the reasons stated in the closed session, the Court shall deny the motion to withdraw as the Court finds there is no basis to withdraw at this time.

## III.

## ORDER

Accordingly, IT IS HEREBY ORDERED that the motion to withdraw as counsel for Defendant (ECF No. 24) is DENIED.

IT IS SO ORDERED.

Dated:  **October 14, 2020**

UNITED STATES MAGISTRATE JUDGE